**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MARKET SURGE LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 25 C 6593** |
| | ) | |
| **ASHKI PHOTOGRAPHY, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER ON PLAINTIFF'S MOTION TO DISMISS OR STRIKE

Plaintiff Market Surge LLC has moved to dismiss the counterclaim filed by

defendant Ashki Photography, Inc. under Federal Rule of Civil Procedure 12(b)(6) and

to strike an affirmative defense under Rule 12(f). Ashki used Market Surge's "client

relationship management" platform. In its complaint, Market Surge alleges that Ashki

has demanded transfer of all the data that Ashki uploaded onto the platform to a

different provider. Market Surge has declined, saying that there is a dispute over

ownership of certain claimed intellectual property. Market Surge also contends that its

terms and conditions—to which it claims Ashki assented—do not require it to comply

with Ashki's demand. Ashki threatened suit in Idaho, so Market Surge preemptively filed

suit here pursuant to a forum selection clause in the terms and conditions, seeking a

declaratory judgment that it is not required to transfer Ashki's data to a different

platform.

Ashki has filed a counterclaim. It alleges that in 2020 it hired a firm owned by La

Marie Ritchhart to provide marketing services. Ashki began using the Market Surge

platform in 2021. It alleges that it was never asked to agree to the terms and conditions that Market Surge cites. Ashki alleges that it pays an annual fee to Market Surge and that all of the information it has placed on its Market Surge account is its own. When Market Surge was transferred to a new owner in 2024, Ashki decided to leave the platform and asked for its data to be transferred to a different platform. Ashki says that Market Surge asked for written confirmation that any content that La Marie had provided for Ashki had been removed; according to Ashki, it provided this confirmation. But Market Surge still declined to transfer Ashki's data, saying that it needed further approval from La Marie and an indemnification agreement from Ashki. Market Surge later agreed to provide some "snapshots" from Ashki's account but later backed off on this as well. Ashki has counterclaimed for breach of contract. It has also asserted as an affirmative defense a contention that the parties' agreement was modified such that Ashki agreed to transfer its data once it provided confirmation that La Marie's content had been removed, which Ashki says it provided. Thus, Ashki contends, Market Surge was required to transfer its data.

In its motion to dismiss the counterclaim, Market Surge argues that Ashki identifies no contractual duty that Market Surge breached. That is incorrect; paragraph 39 of the counterclaim squarely alleges that "Market Surge agreed that Ashki would be able to transfer its data . . . in exchange for Ashki's agreement to pay the monthly or annual fee . . .," and paragraph 40 alleges that Market Surge breached this agreement. According to Market Surge, Ashki's allegation about providing the snapshots amounts to an admission that Market Surge met any obligation it has. This makes no sense, as Ashki contends that it was entitled to have *all* its data transferred, not just snapshots,

2

and in any event Ashki alleges that Market Surge did not follow through on the snapshot undertaking either.

Market Surge also contends that Ashki has failed to allege any consideration. Again, this is incorrect; Ashki says it agreed to pay, and paid, Market Surge's fees. Market Surge also seems to say that Ashki is suing on a separate alleged promise to transfer data upon getting the necessary okay from La Marie and that there is no consideration for this purportedly separate promise. That's wrong too; Ashki's contention is that the snapshot offer is evidence of a breach, as Market Surge was required to transfer all of Ashki's data upon request, not just part of it.

Finally, Market Surge contends that the affirmative defense is not a proper affirmative defense because it is redundant of Ashki's counterclaim. There may be overlap with the counterclaim, but that does not make it an improper defense. That aside, Ashki has sufficiently alleged in its affirmative defense (in the alternative, obviously) that even if Market Surge is right about the original deal, it was modified as alleged in the affirmative defense, and thus Ashki is not entitled to the declaratory judgment it seeks. There is nothing in the least bit improper or inadequate about this as an affirmative defense.

For these reasons, the Court denies Market Surge's motion to dismiss or strike [dkt. 21]. Market Surge is directed to answer the counterclaim by December 10, 2025. The telephonic status hearing set for November 20, 2025 is vacated and reset to January 9, 2026 at 8:55 a.m., using call-in number 650-479-3207, access code 2305-915-8729. A joint status report regarding the progress of discovery and any settlement

discussions is to be filed by December 31, 2025.

Date:  November 19, 2025

_____
MATTHEW F. KENNELLY
United States District Judge